UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTHONY D. AMAKER and,
RUHULLAH HIZBULLAH,

                Plaintiffs,

v.                                               **DECISION AND ORDER**
                                               06-CV-490S(Sr)

COMMISSIONER GLENN GOORD, et. al.,

                Defendants.

GEORGE FLUELLEN,
                Plaintiff,

v.                                               06-CV-602S(Sr)

COMMISSIONER GLENN GOORD, et. al.,

                Defendants.

1.      Plaintiffs have each filed complaints alleging that the New York State Department of Corrections ("DOCS") policy which requires prisoners to cut their hair is in violation of their religious freedom under the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). These cases were originally assigned to the Hon. John T. Elfvin, Senior District Court Judge, and were transferred to the undersigned when Judge Elfvin took inactive senior judge status.

2.      The cases were referred to the Hon. H. Kenneth Schroeder, Jr., United States Magistrate Judge, for pretrial proceedings and for the preparation of a report and recommendation ("R&R") on any motions for injunctive relief.

3.      Plaintiffs filed motions for preliminary injunctive relief in their respective cases. (Docket Nos. 34, 40, 41, 43, 48 and 51 in 06-CV-490S and Docket No. 7 in 06-CV-602S). Judge Schroeder filed separate R&Rs recommending that certain preliminary injunctive relief be granted and that the cases be consolidated.

4.      Defendants in each case filed timely Objections to the R&Rs in accordance with 28 U.S.C. § 636(b)(1)(C) and Local Rule 72.3(a)(3). (Docket No. 95 in 06-CV-490S and Docket No. 28 in 06-CV-602S).

5.      The Parties have not objected to Judge Schroeder's recommendation that the cases be consolidated. This Court finds that the cases, the respective R&Rs, and the Defendants' objections raise identical issues, and can therefore be resolved in a single Decision and Order.

6.      Familiarity with the R&Rs and the facts of these cases is presumed. Plaintiffs are members of the Nation of Islam/Al-Islam religion and claim that their faith prohibits them from cutting their hair. In accordance with their religious beliefs, Plaintiffs wear their hair long and in dreadlocks. Plaintiffs challenge the DOCS policy which allows dreadlocks only for those who have declared their religion as Rastafarian. Plaintiffs allege that the DOCS policy and the Defendants who carry it out have violated their right to religious freedom by disciplining them for refusing to cut their dreadlocks and preventing them from attending Nation of Islam religious services.

7.      Judge Schroeder recommends in his R&Rs that this Court grant Plaintiffs' Motions for Preliminary Injunctive Relief (Docket Nos. 34, 41 and 43 in 06-CV-490S and Docket No. 7 in 06-CV-602S) to the extent that Defendants be prevented from punishing Plaintiffs for refusing to cut their hair or refusing to change their religious affiliation, and that

2

Defendants be prevented from precluding Plaintiffs' attendance at Nation of Islam services and classes because of their dreadlocks. Judge Schroeder recommends that Plaintiffs' Motions (Docket Nos 40, 48 and 51 in 06-CV-490S) should otherwise be denied.

8.  Defendants have filed Objections to Judge Schroeder's R&Rs which this Court has reviewed *de novo* and has found unpersuasive. In particular, this Court is not persuaded by Defendants' contention that Judge Schroeder applied the incorrect standard in considering Plaintiffs' Motions for a preliminary injunction. The record indicates that Plaintiffs had been wearing dreadlocks and participating in Nation of Islam services prior to the DOCS determination that only members of the Rastafarian faith could wear dreadlocks. (see Plaintiffs' Complaint, ¶ 5, recounting an incident where a DOCS employee allegedly told Plaintiffs "to either change their religion or cut their hair" ). Accordingly, Judge Schroeder correctly determined that the heightened injunctive standard did not apply because Plaintiffs sought to "preserve the status quo," in this case, their dreadlocks.

In any event, even if the heightened injunction standard did apply, Judge Schroeder found that the Plaintiffs had shown a likelihood of success on the merits under RLUIPA. The R&Rs thoroughly analyze the DOCS hair-cutting policy and the exception for members of the Rastafarian religion in light of RLUIPA and conclude that Defendants could not sustain their justification for prohibiting Plaintiffs from wearing dreadlocks. Accordingly, Defendants' objection on this ground is denied.

9.  Furthermore, this Court is not persuaded by Defendants' contention that Judge Schroeder should have conducted an evidentiary hearing to determine the legitimacy of Plaintiffs' religious views. Judge Schroeder relied on McEachin v. McGuinnis

3

(357 F.3d 197, 201 (2d Cir. 2004)), where the Second Circuit stated "[o]ur founding principles require that courts resist the dangerous temptation to try to judge the significance of particular devotional obligations to an observant practitioner of faith." Judge Schroeder correctly determined that Plaintiffs did not need to show their interpretation of the Quran was correct in order to demonstrate a likelihood of success on the merits. Accordingly, Defendants' objection on this ground is denied.

10.   This Court has conducted a thorough *de novo* review of both R&Rs, Defendants' Objections thereto, Plaintiffs various motions, and the applicable law. Upon due consideration, this Court finds no legal or factual error in Judge Schroeder's Reports and Recommendations, and it concurs in his conclusions. Accordingly, Defendant's Objections are denied and this Court will accept Judge Schroeder's Rs&Rs in their entirety.


IT HEREBY IS ORDERED that this Court accepts Judge Schroeder's Reports and Recommendations (Docket No. 88 in 06-CV-490S; Docket No. 27 in 06-CV-602S) in their entirety, including the authorities cited and the reasons given therein, and that Plaintiff's Motions for Injunctive Relief (Docket Nos. 34, 41 and 43 in 06-CV-490S and Docket No. 7 in 06-CV-602S) are GRANTED to the extent specified in the R&Rs.

FURTHER, that Plaintiffs' Motions for Reconsideration and other injunctive relief (Docket Nos. 40, 48 and 51 in 06-CV-490S) are DENIED.

FURTHER, that Defendants' Objections (Docket No. 95 in 06-CV-490S and Docket No. 28 in 06-CV-602S) are DENIED.

FURTHER, that all future proceedings in 06-CV-490S and 06-CV-602S are

consolidated pursuant to Fed.R.Civ.P. 42(a) under 06-CV-490S.

FURTHER, as of the date of this Decision and Order all filings shall be done in 06-CV-490S.

FURTHER, that the Clerk of the Court is directed to close 06-CV-602S.

FURTHER, that this matter is remanded to Magistrate Judge Schroeder to put in place a Case Management Order and for resolve of Plaintiff's Motion to Compel (Docket No. 100 in 06-CV-490S).

FURTHER, that Plaintiff Anthony D. Amaker's Motion to Strike and for Renewal of his Preliminary Injunction Motions (Docket Nos. 93, 109 and 113 in 06-CV-490S) are DENIED as moot in light of the findings herein.

FURTHER, that Plaintiff Anthony D. Amaker's Motion for an Extension of Time to File an Amended Complaint (Docket No. 23 in 06-CV-490S) is DENIED as moot in light of the Judge Eflvin's November 17, 2006 Memorandum and Order (Docket No. 39 in 06-CV-490S).

FURTHER, that Plaintiff Anthony D. Amaker's Motions for Contempt (Docket Nos. 101 and 105 in 06-CV-490S) are DENIED without prejudice in that a Preliminary Injunction had not yet issued.

FURTHER, that Plaintiff Anthony D. Amaker's Motion to Strike Defendants Answers to the Amended Verified Complaint (Docket No. 89 in 04-CV-490S) is DENIED without prejudice, for failure to provide a memoranda in support of his request.

FURTHER, that Plaintiff Anthony D. Amaker's Motion for Judgment on the Pleadings (Docket No. 90 in 04-CV-490S) is DENIED subject to renewal after completion of discovery

in this case.

FURTHER, that the Defendants are directed to file and serve a response to Plaintiff Anthony D. Amaker's Motion to Certify Class (Docket No. 32 in 04-CV-490S) on or before January 18, 2008. Plaintiffs shall file and serve a reply on or before February 8, 2008, at which time this Court will take the motion under advisement.

SO ORDERED.

Dated:   December 17, 2007
         Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge